Mary Stone NUGENT, Appellant,

v.

Ronald NUGENT, Appellee.

Court of Appeals of Kentucky.

Oct. 16, 1959.

D. L. McNeill, Hickman, for appellant.

James H. Amberg, Amberg & Amberg, Hickman, for appellee.

MOREMEN, Judge.

An increase in the amount of maintenance awarded by the Fulton Circuit Court for the support of two children is sought by this appeal.

Appellant, Mary Nugent, and appellee, Ronald Nugent, were married in the year 1946. A daughter was born in 1949; a son in 1950.

In 1953, appellee, Ronald Nugent, filed suit for divorce. Appellant entered appearance. A separation agreement was tendered, and its terms were embodied in a judgment which granted the divorce. The judgment specifically retained a right to each party to petition for modification of the agreement and judgment insofar as the custody of the children or the amount of support was involved.

That right and other rights were, on numerous occasions thereafter, fully exercised. A good many of the appearances seem to have been caused by appellant's refusal to surrender the children to the father at the proper time. At other times the court ruled on motions to change the conditions of custody; to increase the amount of maintenance, and passed on various matters peculiar to such cases. We cite these extraneous facts only because we are convinced that the chancellor has "lived with this case" for some time, and is familiar with its every facet.

At the last hearing the amount of maintenance was raised from $32 to $40 per month.

Appellant insists that this amount is inadequate in view of the fact that appellee earns a gross salary of about $400 per month. On the other hand, appellant earns a gross wage of about $250 per month. She and the children live with her parents on a farm near Winchester. No rent or board is charged to them; however, appellant does pay to her mother the sum of $40 per month for taking care of the children.

The grandmother testified that she would be pleased to take care of the children without compensation. It is not the obligation of the grandparents to contribute this aid— but it seems to have been ungrudgingly given.

Under the circumstances shown we do not believe the chancellor's judgment was incorrect.

If conditions change, the case may be reopened in the circuit court.

Judgment affirmed.